**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

Felix Andino,

      Plaintiff,

v.

Iron Tiger Logistics

      Defendant.

Case No. _____

JURY TRIAL DEMANDED

## COMPLAINT

NOW COMES Plaintiff, Felix Andino ("Plaintiff") by and through his undersigned attorney, and files this Complaint alleging as follows:

## NATURE OF THE ACTION

1. Plaintiff initiates this action to redress violations of Iron Tiger Logistics ("Defendant") Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 2000e, *et seq.*).

## JURISDICTION AND VENUE

2. This action is initiated pursuant to federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2) because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff filed a Charge of Discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has properly exhausted his administrative proceedings with respect to his EEOC claims by instituting the instant action within ninety (90) days of receiving a right to sue letter from the EEOC. *See* Notice of Right to Sue, attached hereto as Exhibit A.

## **PARTIES**

6. Plaintiff is an adult individual with a primary residence located at 2135 W. Walnut Street, Allentown, PA 18104.

7. Defendant is a business corporation located at 3202 Orchard Road, Macungie, PA 18062.

8. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with Defendant.

## **FACTUAL BACKGROUND**

9. The forgoing paragraphs are incorporated in their entirety as if set forth in full.

10. Plaintiff began employment for Defendant as a member of the Decking Crew on about December 15, 2014.

11. On about July 9, 2021, Plaintiff's co-worker, Johnny Liciaga ("Mr. Liciaga") repeatedly referred to him using discriminatory and offensive language. Specifically, Mr. Liciaga

referred to Plaintiff as a "damn nigger" and "piece of shit nigger."[1]

12. Although Plaintiff is not Black / African-American, he found Mr. Liciaga's conduct to be extremely offensive, particularly because the complexion of Plaintiff's skin is such that he may appear to be Black / African-American.

13. Shortly after the incident described in Paragraph 12, Plaintiff reported Mr. Liciaga's conduct to Supervisor David Wilde ("Mr. Wilde"). Rather than take any remedial action, Mr. Wilde instructed Plaintiff to *not* report the incident to Defendant's human resources department.

14. A few days later, Plaintiff reported the aforementioned incident to Manager Don Hammond ("Mr. Hammond"). At that time, Plaintiff specifically described the fact that Mr. Liciaga had referred to him using discriminatory language.

15. On July 19, 2021, approximately one (1) week after the incidents described in Paragraph 12 through 14, Plaintiff was terminated from employment. Defendant's stated reason for terminating Plaintiff was the that he was "involved in an argument with a co-worker on July 9, 2021."

16. As described in detail above, the alleged argument upon which Defendant based its decision to terminate Plaintiff was Plaintiff's response to being referred to using discriminatory language.

**Count I**
**Violations of Title VII**
**(Hostile Work Environment and Retaliation)**

17. The forgoing paragraphs are incorporated in their entirety as if set forth in full.

18. At all times relevant herein, Defendant was an employer as defined by Title VII.

19. As set forth in detail above, Plaintiff was subjected to severe discriminatory comments

---

[1] This incident was witnessed by several of Defendant's employees. Several of these witnesses provided Defendant with written statements wherein they corroborated Plaintiff's version of events.

during his employment with Defendant.

20. Plaintiff was extremely offended by the discriminatory comments.

21. Given the severity of the discriminatory comments, any reasonable individual in Plaintiff's position would have found them offensive.

22. As set forth in detail above, Plaintiff engaged in protected activity by complaining to Defendant's management-level employees regarding the discriminatory comments.

23. Within a close temporal proximity of Plaintiff's protected activity, Plaintiff was terminated from employment. Defendant's stated reason for terminating Plaintiff correlates directly with the discriminatory conduct that formed the basis of his protected activity.

24. The forgoing actions constitute a hostile work environment and retaliation in violation of Title VII.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter an order that:

A. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions and seniority. Plaintiff should be accorded those benefits illegally withheld from the date  he first suffered retaliation at the hand of Defendant until the date of verdict;

B. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employees from engaging in such misconduct in the future;

C. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, emotional distress and/or pain and

suffering damages (where legally permitted);

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law;

E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable law; and

F. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff also has endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Jonathan W. Chase, Esq.
**Law Office of Jonathan W. Chase**
PA ID: 312448
1515 Market Street
Suite 1200
Philadelphia, PA 19102
(215) 967-1544
(215) 967-1108 (Fax)
jwc@lawjwc.com

# EXHIBIT A

EEOC Form 161 (11/2020)              **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | From: |
|---|---|
| **Felix Andino**<br>**2135 W. Walnut Street**<br>**Apt. 2d**<br>**Allentown, PA 18104** | **Philadelphia District Office**<br>**801 Market Street**<br>**Suite 1000**<br>**Philadelphia, PA 19107** |

☐  *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **530-2021-04817** | **Legal Unit,**<br>**Legal Technician** | **(267) 589-9707** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐    Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐    The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐    Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒    The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit.  This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐    Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature: Jamie R. Williamson]*                                    January 11, 2022

Enclosures(s)                     **Jamie R. Williamson,**                     *(Date Issued)*
                                  **District Director**

cc:

| | |
|---|---|
| **Kristy DeMeyer**<br>**Human Resources**<br>**IRON TIGER LOGISTICS**<br>**2310 S REDWOOD AVE**<br>**Independence, MO 64057** | **Jonathan W. Chase**<br>**LAW OFFICE OF JONATHAN W. CHASE**<br>**1515 Market Street**<br>**Suite 1200**<br>**Philadelphia, PA 19102** |